"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: SACR 08-237 |
| Plaintiff, | ) | ORDER OF DETENTION |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES RICHARD HALSTEAD, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.**

A.   ( )   On motion of the Government in a case allegedly involving:

    1.   ( )   a crime of violence.

    2.   ( )   an offense with maximum sentence of life imprisonment or death.

    3.   ( )   a narcotics or controlled substance offense with maximum sentence of ten or more years.

    4.   ( )   any felony - where defendant convicted of two or more prior offenses described above.

    5.   ( )   any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

1   B.   (X)   On motion by the Government/( ) on Court's own motion, in a case
2             allegedly involving:

3        (X)   On the further allegation by the Government of:

4             1.   (X)   a serious risk that the defendant will flee.

5             2.   ( )   a serious risk that the defendant will:

6                  a.   ( )   obstruct or attempt to obstruct justice.

7                  b.   ( )   threaten, injure or intimidate a prospective witness or

8                       juror, or attempt to do so.

9   C.   The Government ( ) is/(X) is not entitled to a rebuttable presumption that no
10       condition or combination of conditions will reasonably assure the defendant's
11       appearance as required and the safety or any person or the community.

12

13                                    **II.**

14  A.   (X)   The Court finds that no condition or combination of conditions will
15             reasonably assure:

16       1.   (X)   the appearance of the defendant as required.

17            (X)   and/or

18       2.   (X)   the safety of any person or the community.

19  B.   ( )   The Court finds that the defendant has not rebutted by sufficient evidence
20             to the contrary the presumption provided by statute.

21

22                                    **III.**

23       The Court has considered:

24  A.   (X)   the nature and circumstances of the offense(s) charged, including whether
25             the offense is a crime of violence, a Federal crime of terrorism, or involves
26             a minor victim or a controlled substance, firearm, explosive, or destructive
27             device;

28  B.   (X)   the weight of evidence against the defendant;

1  C.   (X)   the history and characteristics of the defendant; and

2  D.   (X)   the nature and seriousness of the danger to any person or the community.

3

4                                     **IV.**

5         The Court also has considered all the evidence adduced at the hearing and the

6  arguments and/or statements of counsel, and the Pretrial Services

7  Report/recommendation.

8

9                                     **V.**

10         The Court bases the foregoing finding(s) on the following:

11  A.   (X)   As to flight risk:  Defendant has nothing to lose by fleeing because he has a

12              $66 million dollar civil judgment against him and is facing a prison

13              sentence of approximately ten years if convicted.  Further, according to the

14              Government's proffer, Defendant recently made comments that indicate he

15              intends to flee and has hidden some of the victim's unrecovered funds,

16              which he can then use to cover his expenses if he becomes a fugitive.

17              Defendant's admitted depression, history of using illegal drugs, and daily

18              drinking habit indicate Defendant is mentally unstable and is not likely to

19              comply with conditions of release.  Defendant has also failed to proffer

20              adequate bail resources or sureties.

21  B.   (X)   As to danger: The nature of the charged offenses as set forth in the original

22              complaint and grand jury's indictment, combined with Defendant's

23              criminal history (which includes a 1998 state conviction for engaging in

24              another fraudulent investment scheme), demonstrate Defendant has learned

25              nothing from his past criminal punishment, and that his 1998 conviction

26              was not a sufficient deterrent.  To the contrary, the pending charges in the

27              grand jury indictment and Defendant's 1998 conviction actually

28              demonstrate that, in the six-to-eight year period following Defendant's

1998 conviction, Defendant has simply refined the nature of his swindles and has moved on to higher-yielding fraudulent schemes.

**VI.**

A.    IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B.    IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C.    IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D.    IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED:  September 22, 2008                    /s/  Arthur Nakazato
                                   ARTHUR NAKAZATO
                                   UNITED STATES MAGISTRATE JUDGE

Page 4 of 4